J.S43036/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MIGUEL MONTANEZ, | : | |
| | : | |
| Appellant | : | No. 2778 EDA 2013 |

Appeal from the PCRA Order August 29, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division No(s).: CP-51-CR-1001561-2005
CP-51-CR-1001571-2005

BEFORE: GANTMAN, P.J., ALLEN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED MARCH 10, 2015**

Appellant, Miguel Montanez, appeals from the order entered in the

Philadelphia County Court of Common Pleas dismissing his first, timely Post

Conviction Relief Act[1] ("PCRA") petition without a hearing.  The premises of

Appellant's claims are that (1) trial counsel was ineffective for failing to file a

post-sentence motion challenging the weight of the evidence; and (2) direct

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

appeal counsel was ineffective for failing to challenge the admission of prior

bad acts evidence.[2]  We affirm.

On direct appeal, a panel of this Court summarized the facts of the two

underlying incidents as follows.

On April 25, 2005, while on her way to [school], ten (10) year old Complainant [C.D.] observed Appellant sitting alone in the driver's seat of a Jeep.  Appellant asked [C.D.] her name, where she was going, and if she needed money.  [C.D.] testified that while Appellant was looking at her he was touching his penis which was exposed. [C.D.] did not say anything to Appellant whereupon Appellant reached out of the window of the Jeep and tried to grab [C.D.]  [C.D.] did not know Appellant . . . .

[Eye-witness] Monique Wilson testified that she was walking with a friend after taking her daughter to school and that she observed [C.D.] standing approximately five feet from Appellant and that she became suspicious. Wilson told her friend that something did not seem right about what she was observing, and she instructed her friend to focus on remembering the license tag number of Appellant's Jeep.  Wilson stated that she then observed Appellant lean out of the window of his Jeep and that Appellant attempted to lure the minor [C.D.] into his vehicle.  Wilson yelled out to [C.D.] and as the minor stopped and looked back at Wilson, Appellant looked into his rear view mirror and made eye contact with Wilson who had begun running towards [C.D.]  Appellant sped away, disobeying the stop sign at the next corner, nearly colliding with the crossing guard.  Wilson reported her observations to the crossing guard who permitted Wilson to use her cell phone to report the incident to the police.  Wilson provided police dispatch with a description of the perpetrator, his

---

[2] At trial, Appellant was represented by Wallace Walker, Esq., and on direct appeal by David Barrish, Esq.  David Rudenstein, Esq., represented Appellant in the instant PCRA proceedings and in this appeal.

> vehicle and the tag number of his Jeep, and she then escorted [C.D.] to school.
>
> Police Officer Joseph Slobodrian was on duty when he received the radio call describing the white Jeep Cherokee with the license tag number and a description of the assailant. He stopped Appellant a short distance from [C.D.'s] elementary school. . . . [C.D.] and Wilson were then brought to the location where Appellant was detained and he was positively identified as [C.D.'s] assailant.

*Commonwealth v. Montanez*, 3024 EDA 2006 (unpublished memorandum at 1-2) (Pa. Super. Aug. 22, 2008).

The second incident occurred one month later, on May 25, 2005. At approximately 2:45 p.m, a thirteen-year old boy, M.S., was walking home from school. M.S. testified that he

> observed Appellant sitting in the driver's seat of a white van[.] Appellant told [M.S.] to get into the van, however, [M.S.] had never seen Appellant before and became frightened. [M.S.] ran into his house which was across the street from Appellant's parked van and he reported the incident to his parents. [M.S.] did not know Appellant[.] When he arrived at school the next day [M.S.] reported the incident to school personnel and they contacted police. [M.S.] was taken to the Special Victims Unit of the Philadelphia Police Department were he was shown a photographic array and positively identified Appellant as his assailant.

*Id.* at 2-3.

The case proceeded to a bench trial on May 10, 2006.[3] The court found Appellant guilty of all counts charged: two counts each of attempted

---

[3] The Honorable Gwendolyn N. Bright presided over both trial and the instant PCRA proceedings.

luring a child into a motor vehicle and attempted interference with custody of a child, and one count each of unlawful contact with a minor, corruption of minors, indecent exposure, and open lewdness.[4]  On September 27, 2006, the court imposed an aggregate term of fifteen to thirty years' imprisonment.

This Court affirmed the judgment of sentence on August 22, 2008. The Pennsylvania Supreme Court denied allowance of appeal on February 26, 2009.  *Commonwealth v. Montanez*, 510 EAL 2008 (Pa. Feb. 26, 2009).

On March 10, 2009, Appellant filed the instant, timely[5] *pro se* PCRA petition; he filed a second *pro se* petition on April 27th.  The PCRA court appointed Attorney Rudenstein to represent him.  Counsel filed an amended

---

[4] On direct appeal before this Court, the sole issue was the sufficiency of evidence for interference with custody of a child and attempted luring a child into a motor vehicle.  The undersigned was a member of that panel, and filed a concurring and dissenting statement agreeing that the evidence was sufficient to establish both crimes.  However, the undersigned opined that because no conviction for criminal attempt was docketed, Appellant did not receive a judgment of sentence for that crime.  This distinction is not implicated in the issues raised in the present appeal.

[5] Appellant's judgment of sentence became final on May 27, 2009, when the ninety-day period for seeking writ of *certiorari* with the United States Supreme Court expired.  *See* Sup. Ct. R. 13; 42 Pa.C.S. 9545(b)(3).  He then generally had one year, or until May 27, 2010, to file a PCRA petition.  *See* 42 Pa.C.S. § 9545(b)(1).  Appellant filed a *pro se* PCRA petition on March 10, 2009.

PCRA petition on January 11, 2010, and supporting brief.[6]   On June 27, 2013, the Commonwealth filed a motion to dismiss.[7]   On July 15, 2013, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing.  Appellant did not file a response, and the court dismissed the petition on August 29th.[8]

Appellant filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) statement.  The statement of the question involved pursuant to Pa.R.A.P. 2111(a)(1) is the general question whether the PCRA court erred in denying his petition without a hearing.  In the argument section of the brief Appellant raises two ineffective of counsel claims, which we will conisder *seriatim*.

Appellant's first claim is that trial counsel was ineffective for failing to file a post-sentence motion challenging the weight of the evidence for the charges related to the older victim M.S.  Although his brief properly sets forth relevant law, the sole discussion pertaining to this case is in sum:

> [Appellant] would have been able to prove his weight of the evidence claim.

---

[6] The docket includes an entry dated more than a year later, on February 11, 2011, of a second counseled amended PCRA petition.  However, no such petition is included in the certified record.

[7] The trial docket shows that between the June 18, 2009 appointment of Attorney Rudenstein to the July 15, 2013 notice of intent to dismiss, the court continued this matter thirty times.

[8] The record does not include the underlying August 29, 2013 order.

> Trial counsel was ineffective when he failed to preserve a weight of the evidence claim with regard to the male victim. The greater weight of the evidence would not establish that the male victim identified [Appellant] as the assailant. [Appellant] is entitled to a new trial, as the verdict in this matter does shock one's sense of justice, making the award of a new trial imperative[.]

Appellant's Brief at 10 (citations to decisional authority omitted). We find no relief is due.

Appellant's discussion on appeal is vague; he provides no explanation for what evidence was "greater weight" with respect to M.S.'s identification of him. **See id.** However, a review of the brief filed below in support of counsel's amended PCRA petition reveals the following argument. M.S. could not positively identify Appellant at trial, and instead testified that he had been warned at school about Appellant. Appellant cited the following trial testimony on cross-examination:

> [Defense Counsel] Q: Now, is it—again, I'm asking about your state of mind[. M.], when you look at this page, and you saw [Appellant's] picture on it, could it have been that you recognized this picture based on what you had seen in school.
>
> A: I don't think so.
>
> Q: Could it have been.
>
> A: It could have.
>
> Q: Because again your time to look at the person leaning across was very, very brief[, wasn't it?]
>
> A: Yes.

Appellant's Letter Brief, 1/11/10, at 8 (citing N.T., 5/10/06, at 121).

This Court has stated:

> Our standard and scope of review for the denial of a PCRA petition is well-settled.
>
>> [A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.
>
> *        *        *
>
>> . . . Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. In Pennsylvania, we have refined the [***Strickland v. Washington***, 466 U.S. 668 (1984),] performance and prejudice test into a three-part inquiry. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. If a petitioner fails to prove any of these prongs, his claim fails. . . . To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.
>
> *        *        *
>
>> [A] defendant [raising a claim of ineffective assistance of counsel] is required to show actual prejudice; that is, that counsel's ineffectiveness was of such magnitude that it "could have reasonably had an adverse effect on the outcome of the proceedings."

***Commonwealth v. Charleston***, 94 A.3d 1012, 1018-19 (Pa. Super.)

(citations omitted), *appeal denied*, 104 A.3d 523 (Pa. 2014).

> In reviewing the propriety of an order denying PCRA relief, this Court is limited to examining whether the evidence of record supports the determination of the PCRA court, and whether the ruling is free of legal error. Great deference is given to the findings of the PCRA court, which may be disturbed only when they have no support in the certified record.

***Commonwealth v. Perry***, 959 A.2d 932, 934-35 (Pa. Super. 2008)

(citations omitted).

Instantly, the PCRA court opined:

> Appellant . . . asserts that counsel was ineffective for failing to file a post sentence motion challenging the verdict as against the weight of the evidence. This complaint is without merit.
>
> * * *
>
> Here, on direct appeal, the Superior Court of Pennsylvania held that the evidence is sufficient to sustain the verdict and affirmed the Judgment of sentence. . . . The verdict in the instant case is not at all contrary to the evidence and shocks no one's sense of justice. Counsel will not be deemed ineffective for failing to pursue a meritless claim. Moreover, Appellant has failed to demonstrate that, but for the failure to file [ ] post sentence motions raising the issue that the verdict is against the weight of the evidence, the outcome of the proceedings would have been different.

PCRA Ct. Op., 12/23/13, at 8, 9. We agree no relief is due.

Our review of the record reveals the following testimony on direct examination of M.S. by the Commonwealth:

- 8 -

Q: Can you tell the judge what happened to you on your way home from school on that afternoon [of May 25th]?

A: I was walking down Albert Street, and at the corner of the street a guy leaned over from the chair, the seat of the car, and told me to just get in.

Q: Do you see that person in the courtroom today?

A: Yes.

The Court: He told you to do what?

The Witness: He told me to get in. He said just get in.

[The Commonwealth]: Can you point to the person[?]

A: (Witness complies.)

* * *

[The Commonwealth]: . . . I'm showing you . . . the photo array that you were shown when you were at Special Victims?

A: Yes.

Q: . . . And tell us why your signature appears right here on the paper?

A: Because that's the man I pointed to.

Q: . . . And is that the same person you see in court today?

A: Yes.

N.T., 5/10/06, at 108, 113-14.

We agree with the PCRA court that Appellant has not demonstrated that but for the failure to file post sentence motion challenging the weight of the evidence the outcome of the proceedings would have been different.

***See Charleston***, 94 A.3d at 1018-19.

Next, Appellant contends trial counsel was ineffective for failing to appeal the Pa.R.Crim.P. 404(b) ruling, wherein the court permitted the Commonwealth to introduce the following evidence: Appellant was convicted of two counts of luring a child into a motor vehicle and harassment in 1996. N.T. at 128-29. He pled guilty to three counts of luring a child into a motor vehicle, one count of indecent exposure, two counts of open lewdness, and two counts of harassment. Appellant also pled guilty to one count of unlawful restraint, one count of corrupting the morals of a minor, one count of simple assault, one count of indecent exposure, one count of open lewdness and one count of harassment. ***Id.*** at 129.

Appellant "conced[es] that the evidence could arguably be used to establish identity or plan." Appellant's Brief at 11. Appellant further avers that he "is not unmindful of the fact that the evidence in question might very well have been admissible." ***Id.*** at 12. He "is troubled by the fact that there was no objection to the evidence; there was a stipulation to the damaging evidence and there is nothing in the record by which the evidence could be evaluated." ***Id.*** Appellant claims "without testing the evidence, there is no way to determine whether the evidence would have been admitted or not." ***Id.***

The PCRA court opined: "Appellant fails to demonstrate prejudice . . . . This failure to meet the prejudice prong of the ineffectiveness test requires

rejection of the claim." PCRA Ct. Op. at 8.

We discern no error by the PCRA court. Appellant has not satisfied the prejudice prong of the ineffective assistance of counsel test. *See Charleston*, 94 A.3d at 1019. He has not shown that but for counsel's action the result of the proceedings would have been different. *Id.* The record supports the determination of the PCRA court. *See Perry*, *supra*. Therefore, his ineffective assistance of counsel claim is without merit. *See Charleston*, 94 A.3d at 1019.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/2015